Alexian Bros. Hosp.
MEA-AEA LLC
P.O. Box 366
Hinsdale, IL 60522


AT&T Co.
NCO Financial Services
P.O. Box 4906 Dept. 09
Trenton, NJ 08650


Certified Services Inc.
1733 Washington St
Suite 201
Waukegan, IL 60085


Citifinancial
c/o Richard A. Snow
123 W Madison St Ste. 310
Chicago, IL 60602


Citifinancial
P.O. Box 499
Hanover, MD 21076


Dan O'Connell
101 W Hamilton
Geneva, IL 60134


Department of Education
P.O. Box 9001560
Louisville, KY 40290-1560


Elk Grove Open MRI, Inc.
P.O. Box 5940 Dept. 20-1013
Carol Stream, IL 60197-5954


James F. Sexton
941 N Plum Grove Road Ste. A
Schaumburg, IL 60173

Jose Novas
c/o Cook County Public Guardian
69 W Washington St7th Flr
Chicago, IL 60602


Jose Novas
c/o Cook County Public Guardian
69 W Washington St. 7th Flr
Chicago, IL 60602


Jose Novas
c/o Cook County Public Guardian
69 W Washington St. 7th Flr.
Chicago, IL 60602


KCA Financial Services, Inc.
628 North Street
Geneva, IL 60134


Lease Finance Group, LLC
233 North Michigan Avenue
Suite 1800
Chicago, IL 60601


Litton Loan Servicing
4828 Loop Central Drive
Houston, TX 77081-2212


Military Star Card
3911 S Walton Walker Blvd.
Dallas, TX 75236


Mutual of America
320 Park Avenue
New York, NY 10022-6839


MWA Counseling
4425 Taylor Avenue
Racine, WI 53405

NCO Fin/55
507 Prudential Road
Horsham, PA 19044


Northwest Community Hospital
800 W Central Rd
Arlington Heights, IL 60005


Northwest Community Hospital
800 West Central Road
Arlington Heights, IL 60005


Northwest Internal Medicine
11924 Oak Creek Parkway
Huntley, IL 60142-6728


Oliver Adjusting
3416 Roosevelt Road
Kenosha, WI 53142-3937


Pellettieri
a/k/a MiraMed Global Services, Inc.
255 West Michigan Avenue
Jackson, MI 49201


Pellettieri
a/k/a MiraMed Global Services, Inc.
255 West Michigan Ave
Jackson, MI 49201


Radiological Consultants of Woodstock
36311 Treasury Center
Chicago, IL 60694-6300


St. Alexius Medical Center
21219 Network Place
Chicago, IL 60673

Student Loan Express
Great Lakes Educational Loan Services
2401 International Lane
Madison, WI 53704-3192


The Bureaus Inc.
1717 Central Street
Evanston, IL 60201


Traveler's Insurance
RMS
77 Hartland St., Ste. 401
P.O. Box 280431
East Hartford, CT 06128

Wachovia Education Finance
P.O. Box 13667
Sacramento, CA 95853-3667


Wachovia Education Financing
P.O. Box 13667
Sacramento, CA 95853-3667


Wells Fargo Bank
c/o Codilis & Assoc
15W030 North Frontage Road
Burr Ridge, IL 60527

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re:                                              Bankruptcy Case Number: _____
**Cheryl Novas**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____

The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Dated:  **5/31/2009**_____          **s/ Cheryl Novas**_____
                                        **Cheryl Novas**
                                                    Debtor

| United States Bankruptcy Court<br>Northern District of Illinois<br>Eastern Division | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Novas, Cheryl,** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**700 Western St**<br>**Hoffman Estates, IL**     ZIP CODE **60169-3027** | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other<br><br>**Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.) | ☑ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13<br><br>**Nature of Debts**<br>(Check one box)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | Cheryl Novas |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed:   **NONE** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X  **Christopher J. Fekete**    **5/31/2009** <br>     Signature of Attorney for Debtor(s)     Date <br>     **Christopher J. Fekete**     **06241821** |

| Exhibit C |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? <br> ☐   Yes, and Exhibit C is attached and made a part of this petition. <br> ☑   No |

| Exhibit D |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) <br><br> ☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition. <br><br> If this is a joint petition: <br><br> ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| Information Regarding the Debtor - Venue |
|---|
| (Check any applicable box) |
| ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District. |
| ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| Certification by a Debtor Who Resides as a Tenant of Residential Property |
|---|
| (Check all applicable boxes.) |
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following). <br><br>     _____ <br>     (Name of landlord that obtained judgment) <br><br>     _____ <br>     (Address of landlord) |
| ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| Voluntary Petition | Name of Debtor(s) |
|---|---|
| *(This page must be completed and filed in every case)* | **Cheryl Novas** |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only **one** box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X **s/ Cheryl Novas** | X **Not Applicable** |
| Signature of Debtor   **Cheryl Novas** | (Signature of Foreign Representative) |
| X **Not Applicable** | |
| Signature of Joint Debtor | (Printed Name of Foreign Representative) |
| Telephone Number (If not represented by attorney) | |
| **5/31/2009** | |
| Date | Date |

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X **Christopher J. Fekete** | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |
| Signature of Attorney for Debtor(s) | |
| **Christopher J. Fekete  Bar No.  06241821** | |
| Printed Name of Attorney for Debtor(s) / Bar No. | |
| **Christopher J. Fekete** | |
| Firm Name | |
| **226 N Martin Luther King Jr. Ave.** | |
| Address | **Not Applicable** |
| **Waukegan, IL 60085** | Printed Name and title, if any, of Bankruptcy Petition Preparer |
| **847-599-3057**          **847-599-3132** | Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| Telephone Number | |
| **5/31/2009** | |
| Date | Address |
| *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | |

| **Signature of Debtor (Corporation/Partnership)** | X **Not Applicable** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | Date |
| | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |
| The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |
| X **Not Applicable** | If more than one person prepared this document, attach to the appropriate official form for each person. |
| Signature of Authorized Individual | |
| | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| Printed Name of Authorized Individual | |
| Title of Authorized Individual | |
| Date | |

B 1D (Official Form 1, Exhibit D) (12/08)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

### Eastern Division

In re   **Cheryl Novas**                                Case No. _____
            Debtor                                                   *(if known)*

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

**B 1D (Official Form 1, Exh. D) (12/08) – Cont.**

❏    Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❏    Active military duty in a military combat zone.

❏   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **s/ Cheryl Novas**
                              **Cheryl Novas**

Date:   **5/31/2009**

**B6A (Official Form 6A) (12/07)**

In re:   **Cheryl Novas**                                                    Case No. _____

DEBTOR                                                    (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **700 Western St**<br>**Hoffman Estates, IL 60169-3027** | **Co-Owner** | **J** | **$ 240,000.00** | **$ 225,278.00** |
| | Total ➢ | | **$ 240,000.00** | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re   **Cheryl Novas**                                              ,                    Case No. _____

Debtor                                                                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on hand** | | **40.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Harris Bank checking account** | | **500.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Avalon**<br>**1900 Windsong Dr**<br>**Schaumburg, IL 60194** | | **1,370.00** |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **TV, laptop, sofa, recliner, end tables, lamps, tables, 2 beds, kitchen table and chairs, hutch** | | **1,200.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **misc. clothing** | | **200.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Mutual of America 403b United Way Retirement Account** | | **15,000.00** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re   **Cheryl Novas**                                                    ,          Case No. _____
                              _____
                              Debtor                                                                     (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1983 Pontiac Trans Am** | | **500.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **1986 Ford Van** | | **500.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **1998 Saturn SC** | J | **1,000.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **1999 Saturn SL** | | **1,200.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | | **Gemstones & buffer** | | **1,450.00** |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Gardening equipment** | | **150.00** |
| Other personal property of any kind not already listed. Itemize. | | **Spinet Piano (1980's)** | | **250.00** |

**B6B (Official Form 6B) (12/07) -- Cont.**

In re    **Cheryl Novas**                                                    ,          Case No. _____
                            **Debtor**                                                                            **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | __2__  continuation sheets attached     Total  ➢ | | **$ 23,360.00** |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**B6C (Official Form 6C) (12/07)**

In re   **Cheryl Novas** _____ ,        Case No. _____
                        Debtor                                           (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $136,875
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1998 Saturn SC | 735 ILCS 5/12-1001(b) | 610.00 | 1,000.00 |
| 1999 Saturn SL | 735 ILCS 5/12-1001(c) | 1,200.00 | 1,200.00 |
| 700 Western St Hoffman Estates, IL 60169-3027 | 735 ILCS 5/12-901 | 14,722.00 | 240,000.00 |
| Cash on hand | 735 ILCS 5/12-1001(b) | 40.00 | 40.00 |
| Gemstones & buffer | 735 ILCS 5/12-1001(b) | 1,450.00 | 1,450.00 |
| Harris Bank checking account | 735 ILCS 5/12-1001(b) | 500.00 | 500.00 |
| misc. clothing | 735 ILCS 5/12-1001(b) | 200.00 | 200.00 |
| Mutual of America 403b United Way Retirement Account | 735 ILCS 5/12-1006 | 0.00 | 15,000.00 |
| TV, laptop, sofa, recliner, end tables, lamps, tables, 2 beds, kitchen table and chairs, hutch | 735 ILCS 5/12-1001(b) | 1,200.00 | 1,200.00 |

B6D (Official Form 6D) (12/07)

In re  **Cheryl Novas**                                              .          Case No. _____

    **Debtor**                                                                      **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  604130454720<br><br>**Citifinancial**<br>**P.O. Box 499**<br>**Hanover, MD 21076** | X | J | 10/15/2007<br>**Mortgage**<br>**700 Western St**<br>**Hoffman Estates, IL 60169-3027**<br><br>**VALUE $240,000.00** | | | | 39,852.00 | 0.00 |
| ACCOUNT NO.  0013917968<br><br>**Litton Loan Servicing**<br>**4828 Loop Central Drive**<br>**Houston, TX 77081-2212**<br><br><br>**Wells Fargo Bank**<br>**c/o Codilis & Assoc**<br>**15W030 North Frontage Road**<br>**Burr Ridge, IL 60527** | X | J | 12/28/2004<br>**Mortgage**<br>**700 Western St**<br>**Hoffman Estates, IL 60169-3027**<br><br>**VALUE $240,000.00** | | | | 185,426.00 | 0.00 |

_0_    continuation sheets
      attached

                                                    Subtotal   ➤                        | $    225,278.00 | $         0.00 |
                                                    (Total of this page)

                                                    Total   ➤                           | $    225,278.00 | $         0.00 |
                                                    (Use only on last page)

                                                    (Report also on Summary of    (If applicable, report
                                                    Schedules)                     also on Statistical
                                                                                   Summary of Certain
                                                                                   Liabilities and
                                                                                   Related Data.)

B6E (Official Form 6E) (12/07)

In re    **Cheryl Novas**                                          Case No. _____
_____                                    (If known)
                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑   **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑   **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑   **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑   **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑   **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❑   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1  continuation sheets attached

**B6E (Official Form 6E) (12/07) – Cont.**

In re **Cheryl Novas** _____,   Case No. _____

Debtor   (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | | **$0.00** |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals➤ (Totals of this page) | $ **0.00** | $ **0.00** $ **0.00** |
| Total ➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **0.00** | |
| Total ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ **0.00** $ **0.00** |

B6F (Official Form 6F) (12/07)

In re  **Cheryl Novas**                                      Case No. _____
                    ────────────────────────────
                              Debtor                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **003217826** <br><br>**Alexian Bros. Hosp.** <br>**MEA-AEA LLC** <br>**P.O. Box 366** <br>**Hinsdale, IL 60522** | | | **medical bill** | | | | **557.00** |
| ACCOUNT NO.  **VK70530-95EF00** <br><br>**AT&T Co.** <br>**NCO Financial Services** <br>**P.O. Box 4906 Dept. 09** <br>**Trenton, NJ 08650** | | | **05/01/2009** <br><br>**phone bill** | | | X | **380.09** |
| ACCOUNT NO.  **33xxxx** <br><br>**Certified Services Inc.** <br>**1733 Washington St** <br>**Suite 201** <br>**Waukegan, IL 60085** | | | **09/01/2008** <br><br>**medical bill** | | | | **159.00** |
| ACCOUNT NO.  **607130452735** <br><br>**Citifinancial** <br>**c/o Richard A. Snow** <br>**123 W Madison St Ste. 310** <br>**Chicago, IL 60602** | X | J | **06/01/2007** <br><br>**personal loan** | | | | **9,441.00** |
| ACCOUNT NO.  **09 SC 1476** <br><br>**Dan O'Connell** <br>**101 W Hamilton** <br>**Geneva, IL 60134** | | | **05/08/2009** <br><br>**attorney's fees** | | | | **5,937.09** |

6   Continuation sheets attached

Subtotal ➤ $ **16,474.18**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Cheryl Novas**                                    Case No. _____
                              Debtor                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **xxx-xx-3128-1** <br><br> **Department of Education** <br> **P.O. Box 9001560** <br> **Louisville, KY 40290-1560** | | | 12/31/2008 <br><br> student loan | | | | 3,307.00 |
| ACCOUNT NO.  **8639** <br><br> **Elk Grove Open MRI, Inc.** <br> **P.O. Box 5940 Dept. 20-1013** <br> **Carol Stream, IL 60197-5954** | | | 04/30/2009 <br><br> medical bill | | | | 161.95 |
| ACCOUNT NO. <br><br> **James F. Sexton** <br> **941 N Plum Grove Road Ste. A** <br> **Schaumburg, IL 60173** | X | | 10/31/2008 <br><br> tax accounting services | | | | 1,987.79 |
| ACCOUNT NO.  **887xxxx** <br><br> **KCA Financial Services, Inc.** <br> **628 North Street** <br> **Geneva, IL 60134** | | | 04/01/2007 <br><br> medical bill | | | | 71.00 |
| ACCOUNT NO.  **1058747** <br><br> **Lease Finance Group, LLC** <br> **233 North Michigan Avenue** <br> **Suite 1800** <br> **Chicago, IL 60601** | | | 03/01/2004 <br><br> credit card machine | | | | 632.00 |

Sheet no. _1_ of _6_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $ **6,159.74**

Total ➤ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Cheryl Novas**                                                                Case No. _____
_____
                              **Debtor**                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **6019443400187751**<br><br>**Military Star Card**<br>**3911 S Walton Walker Blvd.**<br>**Dallas, TX 75236** | X | J | **06/06/2009**<br><br>**credit card** | | | | **5,680.00** |
| ACCOUNT NO.   **00481521**<br><br>**Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | | | **03/12/2009**<br><br>**loan against 503b** | | | | **1,244.28** |
| ACCOUNT NO.   **00458969**<br><br>**Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | | | **03/12/2009**<br><br>**loan against 503b** | | | | **1,517.90** |
| ACCOUNT NO.   **00501777**<br><br>**Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | | | **03/12/2009**<br><br>**loan against 503b** | | | | **1,022.92** |
| ACCOUNT NO.   **00523417**<br><br>**Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | | | **03/12/2009**<br><br>**loan against 503b** | | | | **1,649.47** |

Sheet no. 2 of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ⟩  $                **11,114.57**

Total  ⟩  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Cheryl Novas**                                          Case No. _____
                        Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **00541217**<br>**Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | | | 03/12/2009<br>**loan against 503b** | | | | 1,853.00 |
| ACCOUNT NO. **00553113**<br>**Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | | | 03/12/2009<br>**loan against 503b** | | | | 2,062.00 |
| ACCOUNT NO. **170047**<br>**MWA Counseling**<br>**4425 Taylor Avenue**<br>**Racine, WI 53405**<br><br>**Oliver Adjusting**<br>**3416 Roosevelt Road**<br>**Kenosha, WI 53142-3937** | | | 01/01/2007<br>**medical bill** | | | | 1,400.00 |
| ACCOUNT NO. **1494**<br>**NCO Fin/55**<br>**507 Prudential Road**<br>**Horsham, PA 19044**<br><br>**Pellettieri**<br>**a/k/a MiraMed Global Services, Inc.**<br>**255 West Michigan Avenue**<br>**Jackson, MI 49201** | | | 10/01/2007<br>**medical collections** | | | | 1,029.00 |

Sheet no. _3_ of _6_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $ **6,344.00**

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Cheryl Novas**                                    Case No. _____
                    Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **1494** <br><br> **NCO Fin/55** <br> **507 Prudential Road** <br> **Horsham, PA 19044** <br><br><br> **Pellettieri** <br> **a/k/a MiraMed Global Services, Inc.** <br> **255 West Michigan Avenue** <br> **Jackson, MI 49201** | | | 04/01/2007 <br><br> medical collections | | | | 765.00 |
| ACCOUNT NO. **1495** <br><br> **NCO Fin/55** <br> **507 Prudential Road** <br> **Horsham, PA 19044** <br><br><br> **Pellettieri** <br> **a/k/a MiraMed Global Services, Inc.** <br> **255 West Michigan Ave** <br> **Jackson, MI 49201** | | | 01/01/2008 <br><br> medical collection | | | | 589.00 |
| ACCOUNT NO. **56907734** <br><br> **Northwest Community Hospital** <br> **800 West Central Road** <br> **Arlington Heights, IL 60005** | | | 05/15/2009 <br><br> medical bill | | | | 58.43 |
| ACCOUNT NO. **54434928** <br><br> **Northwest Community Hospital** <br> **800 W Central Rd** <br> **Arlington Heights, IL 60005** | | | 12/09/2008 <br><br> medical bill | | | | 51.35 |

Sheet no. 4 of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $ **1,463.78**

Total ➤ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Cheryl Novas**                                                    Case No. _____

                           Debtor                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **2179**<br><br>**Northwest Internal Medicine**<br>**11924 Oak Creek Parkway**<br>**Huntley, IL 60142-6728** | | | **05/03/2009**<br><br>**medical bill** | | | | **291.37** |
| ACCOUNT NO.   **307352B**<br><br>**Radiological Consultants of Woodstock**<br>**36311 Treasury Center**<br>**Chicago, IL 60694-6300** | | | **03/19/2009**<br><br>**medical bill** | | | | **212.00** |
| ACCOUNT NO.   **F00027576818**<br><br>**St. Alexius Medical Center**<br>**21219 Network Place**<br>**Chicago, IL 60673** | | | **01/21/2009**<br><br>**medical bill** | | | | **168.54** |
| ACCOUNT NO.   **12887**<br><br>**Student Loan Express**<br>**Great Lakes Educational Loan Services**<br>**2401 International Lane**<br>**Madison, WI 53704-3192** | | | **02/13/2007**<br><br>**student loan** | | | | **30,786.00** |
| ACCOUNT NO.   **41427**<br><br>**The Bureaus Inc.**<br>**1717 Central Street**<br>**Evanston, IL 60201** | | | **09/01/2007** | | | | **415.00** |

Sheet no.  5 of 6 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $ **31,872.91**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Cheryl Novas**                                    Case No. _____
_____
                    **Debtor**                                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **324426311-TR** <br><br> **Traveler's Insurance** <br> **RMS** <br> **77 Hartland St., Ste. 401** <br> **P.O. Box 280431** <br> **East Hartford, CT 06128** | | | **05/04/2009** | | | | **49.50** |
| ACCOUNT NO.   **4** <br><br> **Wachovia Education Finance** <br> **P.O. Box 13667** <br> **Sacramento, CA 95853-3667** | | | **08/27/2008** <br><br> **student loan** | | | | **13,228.00** |
| ACCOUNT NO.   **5576** <br><br> **Wachovia Education Financing** <br> **P.O. Box 13667** <br> **Sacramento, CA 95853-3667** | | | **10/01/2008** <br><br> **student loan** | | | | **9,622.00** |

Sheet no.  6 of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➢  $    **22,899.50**

Total  ➢  $    **96,328.68**

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

**Christopher J. Fekete  06241821**
**Christopher J. Fekete**
**226 N Martin Luther King Jr. Ave.**

**Waukegan, IL 60085**
**847-599-3057**
**Attorney for the Petitioner(s)**

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

### Eastern Division

In Re:
Debtor:  **Cheryl Novas**                    Case No:
Social Security Number:
                                             Chapter  **7**

                                             Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 1.   **Alexian Bros. Hosp.** <br> **MEA-AEA LLC** <br> **P.O. Box 366** <br> **Hinsdale, IL 60522** | **Unsecured Claims** | **$  557.00** |
| 2.   **AT&T Co.** <br> **NCO Financial Services** <br> **P.O. Box 4906 Dept. 09** <br> **Trenton, NJ 08650** | **Unsecured Claims** | **$  380.09** |
| 3.   **Certified Services Inc.** <br> **1733 Washington St** <br> **Suite 201** <br> **Waukegan, IL 60085** | **Unsecured Claims** | **$  159.00** |
| 4.   **Citifinancial** <br> **P.O. Box 499** <br> **Hanover, MD 21076** | **Secured Claims** | **$ 39,852.00** |
| 5.   **Citifinancial** <br> **c/o Richard A. Snow** <br> **123 W Madison St Ste. 310** <br> **Chicago, IL 60602** | **Unsecured Claims** | **$  9,441.00** |

In re:  **Cheryl Novas**                                                    Case No. _____

| | | | |
|---|---|---|---|
| 6. | **Dan O'Connell**<br>**101 W Hamilton**<br>**Geneva, IL 60134** | **Unsecured Claims** | **$  5,937.09** |
| 7. | **Department of Education**<br>**P.O. Box 9001560**<br>**Louisville, KY 40290-1560** | **Unsecured Claims** | **$  3,307.00** |
| 8. | **Elk Grove Open MRI, Inc.**<br>**P.O. Box 5940 Dept. 20-1013**<br>**Carol Stream, IL 60197-5954** | **Unsecured Claims** | **$   161.95** |
| 9. | **James F. Sexton**<br>**941 N Plum Grove Road Ste. A**<br>**Schaumburg, IL 60173** | **Unsecured Claims** | **$  1,987.79** |
| 10. | **KCA Financial Services, Inc.**<br>**628 North Street**<br>**Geneva, IL 60134** | **Unsecured Claims** | **$    71.00** |
| 11. | **Lease Finance Group, LLC**<br>**233 North Michigan Avenue**<br>**Suite 1800**<br>**Chicago, IL 60601** | **Unsecured Claims** | **$   632.00** |
| 12. | **Litton Loan Servicing**<br>**4828 Loop Central Drive**<br>**Houston, TX 77081-2212** | **Secured Claims** | **$ 185,426.00** |
| 13. | **Military Star Card**<br>**3911 S Walton Walker Blvd.**<br>**Dallas, TX 75236** | **Unsecured Claims** | **$  5,680.00** |
| 14. | **Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | **Unsecured Claims** | **$  1,244.28** |

In re:    **Cheryl Novas**                                                    Case No. _____

| | | | |
|---|---|---|---|
| 15. | **Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | **Unsecured Claims** | **$  1,022.92** |
| 16. | **Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | **Unsecured Claims** | **$  1,649.47** |
| 17. | **Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | **Unsecured Claims** | **$  1,853.00** |
| 18. | **Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | **Unsecured Claims** | **$  2,062.00** |
| 19. | **Mutual of America**<br>**320 Park Avenue**<br>**New York, NY 10022-6839** | **Unsecured Claims** | **$  1,517.90** |
| 20. | **MWA Counseling**<br>**4425 Taylor Avenue**<br>**Racine, WI 53405** | **Unsecured Claims** | **$  1,400.00** |
| 21. | **NCO Fin/55**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | **Unsecured Claims** | **$    589.00** |
| 22. | **NCO Fin/55**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | **Unsecured Claims** | **$  1,029.00** |
| 23. | **NCO Fin/55**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | **Unsecured Claims** | **$    765.00** |

In re:  **Cheryl Novas**                                          Case No. _____

| | | | |
|---|---|---|---|
| 24. | **Northwest Community Hospital**<br>**800 West Central Road**<br>**Arlington Heights, IL 60005** | **Unsecured Claims** | **$    58.43** |
| 25. | **Northwest Community Hospital**<br>**800 W Central Rd**<br>**Arlington Heights, IL 60005** | **Unsecured Claims** | **$    51.35** |
| 26. | **Northwest Internal Medicine**<br>**11924 Oak Creek Parkway**<br>**Huntley, IL 60142-6728** | **Unsecured Claims** | **$  291.37** |
| 27. | **Radiological Consultants of Woodstock**<br>**36311 Treasury Center**<br>**Chicago, IL 60694-6300** | **Unsecured Claims** | **$  212.00** |
| 28. | **St. Alexius Medical Center**<br>**21219 Network Place**<br>**Chicago, IL 60673** | **Unsecured Claims** | **$  168.54** |
| 29. | **Student Loan Express**<br>**Great Lakes Educational Loan Services**<br>**2401 International Lane**<br>**Madison, WI 53704-3192** | **Unsecured Claims** | **$ 30,786.00** |
| 30. | **The Bureaus Inc.**<br>**1717 Central Street**<br>**Evanston, IL 60201** | **Unsecured Claims** | **$  415.00** |
| 31. | **Traveler's Insurance**<br>**RMS**<br>**77 Hartland St., Ste. 401**<br>**P.O. Box 280431**<br>**East Hartford, CT 06128** | **Unsecured Claims** | **$    49.50** |
| 32. | **Wachovia Education Finance**<br>**P.O. Box 13667**<br>**Sacramento, CA 95853-3667** | **Unsecured Claims** | **$ 13,228.00** |

In re:    **Cheryl Novas**                                         Case No. _____

33 .    **Wachovia Education Financing**           **Unsecured Claims**              **$  9,622.00**
          **P.O. Box 13667**
          **Sacramento, CA 95853-3667**

In re:    **Cheryl Novas**

Case No. _____

(The penalty for making a false statement or concealing property is a fine up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)

# DECLARATION

 I, **Cheryl Novas** , named as debtor in this case, declare under penalty of perjury that I have
have read the foregoing Numbered Listing of Creditors, consisting of **5 sheets** (not including this declaration), and that it is true to the best of my information and belief.

Signature:    **s/ Cheryl Novas** _____

**Cheryl Novas**

Dated:    **5/31/2009** _____

B6G (Official Form 6G) (12/07)

In re:  <u>**Cheryl Novas**</u>                              Case No. _____
                          **Debtor**                                          **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **AT&T** | **wireless phones and internet** |
| **Avalon**<br>**1900 Windsong Dr**<br>**Schaumburg, IL 60194** | **lease** |

B6H (Official Form 6H) (12/07)

In re: **Cheryl Novas**                                          Case No. _____
_____.                                      (If known)
                    **Debtor**

# SCHEDULE H - CODEBTORS

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Jose Novas**<br>**c/o Cook County Public Guardian**<br>**69 W Washington St. 7th Flr.**<br>**Chicago, IL 60602**<br><br>**Jose Novas**<br>**c/o Cook County Public Guardian**<br>**69 W Washington St7th Flr**<br>**Chicago, IL 60602** | **Citifinancial**<br>**P.O. Box 499**<br>**Hanover, MD 21076**<br><br>**Citifinancial**<br>**c/o Richard A. Snow**<br>**123 W Madison St Ste. 310**<br>**Chicago, IL 60602** |
| **Jose Novas**<br>**c/o Cook County Public Guardian**<br>**69 W Washington St. 7th Flr.**<br>**Chicago, IL 60602** | **James F. Sexton**<br>**941 N Plum Grove Road Ste. A**<br>**Schaumburg, IL 60173** |
| **Jose Novas**<br>**c/o Cook County Public Guardian**<br>**69 W Washington St. 7th Flr**<br>**Chicago, IL 60602** | **Litton Loan Servicing**<br>**4828 Loop Central Drive**<br>**Houston, TX 77081-2212** |
| **Jose Novas**<br>**c/o Cook County Public Guardian**<br>**69 W Washington St. 7th Flr.**<br>**Chicago, IL 60602** | **Military Star Card**<br>**3911 S Walton Walker Blvd.**<br>**Dallas, TX 75236** |

B6I (Official Form 6I) (12/07)

In re **Cheryl Novas**                                                        Case No. _____
                            _____
                            Debtor                                        (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **married living apart** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): **daughter** | AGE(S): **24** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | **Lutheran Social Services** | |
| How long employed | **8 years** | |
| Address of Employer | **1001 E Touhy Ave Des Plaines, IL 60018** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | **5,000.00** | $ | |
| 2. Estimate monthly overtime | $ | **0.00** | $ | |
| 3. SUBTOTAL | $ | **5,000.00** | $ | |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | **1,492.00** | $ | |
| b. Insurance | $ | **0.00** | $ | |
| c. Union dues | $ | **0.00** | $ | |
| d. Other (Specify)   **charitable contribution** | $ | **600.00** | $ | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **2,092.00** | $ | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **2,908.00** | $ | |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | |
| 8. Income from real property | $ | **0.00** | $ | |
| 9. Interest and dividends | $ | **0.00** | $ | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | **0.00** | $ | |
| 11. Social security or other government assistance (Specify)  **VA CH-35 Educational Benefit** | $ | **696.00** | $ | |
| 12. Pension or retirement income | $ | **0.00** | $ | |
| 13. Other monthly income (Specify) _____ | $ | **0.00** | $ | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **696.00** | $ | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **3,604.00** | $ | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | **$ 3,604.00** | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:
**VA CH-35 Educational benefits ends August 2009**

B6J (Official Form 6J) (12/07)

In re **Cheryl Novas**_____,   Case No. _____
　　　　　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

　　Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐　Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,450.00 |
| a. Are real estate taxes included?　Yes _____　No ✓ | | |
| b. Is property insurance included?　Yes _____　No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 165.00 |
| b. Water and sewer | $ | 25.00 |
| c. Telephone | $ | 0.00 |
| d. Other **package including 2 cell phones, internet** | $ | 370.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 25.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | 150.00 |
| 6. Laundry and dry cleaning | $ | 25.00 |
| 7. Medical and dental expenses | $ | 150.00 |
| 8. Transportation (not including car payments) | $ | 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 75.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 20.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 120.00 |
| e. Other_____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)　**real estate taxes** | $ | 300.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other_____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **education expenses** | $ | 200.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,575.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a. Average monthly income from Line 15 of Schedule I | $ | 3,604.00 |
| b. Average monthly expenses from Line 18 above | $ | 3,575.00 |
| c. Monthly net income (a. minus b.) | $ | 29.00 |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Northern District of Illinois
### Eastern Division

In re **Cheryl Novas**

Debtor

Case No. _____

Chapter **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 3,604.00 |
| Average Expenses (from Schedule J, Line 18) | $ 3,575.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 5,000.00 |

**United States Bankruptcy Court**
**Northern District of Illinois**
**Eastern Division**

In re  **Cheryl Novas**                                                Case No. _____

                                    Debtor                      Chapter      **7**   _____

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $96,328.68 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $96,328.68 |

**B6 Summary (Official Form 6 - Summary) (12/07)**

### United States Bankruptcy Court

### Northern District of Illinois

### Eastern Division

In re  **Cheryl Novas**_____,        Case No. _____

                                          Debtor

                                                                        Chapter      **7**  _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $    240,000.00 | | |
| B - Personal Property | YES | 3 | $    23,360.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $    225,278.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $    0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $    96,328.68 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $    3,604.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $    3,575.00 |
| **TOTAL** | | 19 | $    263,360.00 | $    321,606.68 | |

**B6 Declaration (Official Form 6 - Declaration) (12/07)**

In re  **Cheryl Novas** _____    Case No. _____

_____**Debtor**_____    (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**21**_____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **5/31/2009** _____    Signature:  **s/ Cheryl Novas** _____

**Cheryl Novas**

Debtor

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

B7 (Official Form 7) (12/07)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois
### Eastern Division

In re:  **Cheryl Novas**                                                                    ,        Case No. _____

_____

                          Debtor                                                                                    (If known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
❏

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 45,617.00 | **Employment** | **2007** |
| 57,638.00 | **Employment** | **2008** |
| 24,964.00 | **Employment** | **2009 YTD** |

### 2.  Income other than from employment or operation of business

None
❏

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 7,200.00 | **VA Education Benefit** | **2007** |
| 7,200.00 | **VA Education Benefit** | **2008** |
| 3,430.00 | **VA Education Benefit** | **2009** |

### 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None    a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or
☐    services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless
the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk
(*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative
repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing
under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Avalon**<br>**1900 Windsong Drive**<br>**Schaumburg, IL 60194** | **05/01/09, 04/01/09, 03/01/09** | **$1420 each month** | **$1420 per month** |
| **Dr. Comacho**<br>**1061 Salem Drive**<br>**Schaumburg, IL 60194** | **05/05/09** | **820.00** | **0.00** |

None    b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90**
☑    **days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is
affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that
were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under
a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter
13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None    c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the
☑    benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments
by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is
not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATIO | STATUS OR DISPOSITION |
|---|---|---|---|
| **Citifinancial Services, Inc. v. Cheryl Novas** 08 M1-192909 | **collection lawsuit** | **Cook County Circuit Court First Municipal District** | **judgment entered** |
| **Wells Fargo Bank v. Jose Novas and Cheryl Novas** 09 CH 1428 | **foreclosure action** | **Cook County Circuit Court Chicago, IL** | **pending** |
| **Daniel F. O'Connell, P.C. v. Cheryl Novas** 09 SC 1476 | **small claims suit** | **Kane County Circuit Court 100 S 3rd St. Geneva, IL 60174** | **judgment entered** |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

4

## 7. Gifts

None ☐ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **Juna Amagarra** | | **03/01/2009** | **charity; $320** |
| **Lutheran Social Services** | **employer** | | **monthly $600.00** |
| **Republican Party** | **none** | **01/09/2009** | **$200 donation** |

## 8. Losses

None ☐ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **medical bills from assault $557 co-pay; $169 hospital; $162 MRI; $820 dental; $400 glasses** | **assault by Jose Novas on Cheryl Novas** | **09/13/2008** |

## 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Christopher J. Fekete 226 N Martin Luther King Jr. Ave. Waukegan, IL 60085** | **05/23/09** | **2,000.00** |
| **Credit Counseling** | **5/24/09** | **$30** |

## 10. Other transfers

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR INTEREST IN PROPERTY |
| --- | --- | --- |

## 11. Closed financial accounts

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12. Safe deposit boxes

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITOR | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13. Setoffs

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14. Property held for another person

None ☑ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

## 15. Prior address of debtor

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

6

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a.     List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

b.     List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☑

c.     List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☑

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
☑

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME _____          ADDRESS _____

\* \* \* \* \* \*

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **5/31/2009**                          Signature      **s/ Cheryl Novas**
                                        of Debtor      **Cheryl Novas**

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois
### Eastern Division

In re _____**Cheryl Novas**_____,        Case No. _____
                                    Debtor                                                    Chapter 7

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br><br>**Citifinancial** | **Describe Property Securing Debt:**<br><br>**700 Western St**<br>**Hoffman Estates, IL 60169-3027** |

Property will be *(check one)*:
    ☑ Surrendered        ☐ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
    ☐ Claimed as exempt        ☑ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br><br>**Litton Loan Servicing** | **Describe Property Securing Debt:**<br><br>**700 Western St**<br>**Hoffman Estates, IL 60169-3027** |

Property will be *(check one)*:
    ☑ Surrendered        ☐ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
    ☐ Claimed as exempt        ☑ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

B 8 (Official Form 8) (12/08)                                                                                                    Page 2

| Property No. 1 | | |
| --- | --- | --- |
| **Lessor's Name:**<br><br>**Avalon** | **Describe Leased Property:**<br><br>**lease** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>☑ YES      ☐ NO |

| Property No. 2 | | |
| --- | --- | --- |
| **Lessor's Name:**<br><br>**AT&T** | **Describe Leased Property:**<br><br>**wireless phones and internet** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>☑ YES      ☐ NO |

_____0_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: **5/31/2009**                              **s/ Cheryl Novas**
                                                 **Cheryl Novas**
                                                 Signature of Debtor

B 203
(12/94)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois
### Eastern Division

In re:     **Cheryl Novas**                                        Case No. _____

                                                        Chapter     **7**
                        Debtor

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s)
   and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be
   paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in
   connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | $ | **2,000.00** |
   | Prior to the filing of this statement I have received | $ | **2,000.00** |
   | Balance Due | $ | **0.00** |

2. The source of compensation paid to me was:

   ☒ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor                    ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates
     of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of
     my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is
     attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case,
   including:

   a)    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file
         a petition in bankruptcy;

   b)    Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e)    [Other provisions as needed]
         **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for
representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **5/31/2009** _____

                                        **Christopher J. Fekete** _____
                                        Christopher J. Fekete, Bar No.  06241821

                                        **Christopher J. Fekete**
                                        Attorney for Debtor(s)

**B 201** (12/08)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7**:  Liquidation  ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13**:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

B 201                                                                                                    Page 2

    1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

    2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

    3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)

    Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

    Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

    A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of the Debtor

    I , the debtor, affirm that I have received and read this notice.

| Cheryl Novas | X s/ Cheryl Novas | 5/31/2009 |
|---|---|---|
| Printed Name of Debtor | Cheryl Novas | |
| | Signature of Debtor | Date |
| Case No. (if known) _____ | | |